UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 06-46793

BLAKE TURVEY,                                       Chapter 7

        Debtor.                                   Judge Thomas J. Tucker
_____/

CRAIG J. CASSEL,

        Plaintiff,

v.                                                  Adv. Pro. No. 06-5044

BLAKE TURVEY,

        Defendant.
_____/

**OPINION GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST SUPPLEMENTAL AND SECOND SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S DISPOSITIVE MOTIONS**

This case is before the Court on Defendant Blake Turvey's "Motion To Strike Plaintiff's First Supplemental and Second Supplemental Response In Opposition To Defendant's Dispositive Motions" (Docket # 87). Defendant Turvey seeks to strike two supplemental responses to his motion to dismiss and for summary judgment, and the affidavits attached to them, which Plaintiff Cassel filed late and without leave of Court. Cassel filed these items more than four months after the close of discovery, almost four months after Turvey filed his summary judgment motion, and almost two months after the Court held a hearing on the summary judgment motion.

The Court concludes that a hearing on Turvey's motion to strike is not necessary, and that the motion should be granted, for the reasons stated in this opinion. The Court will not consider

Cassel's supplemental responses and affidavits in ruling on Defendant's motion to dismiss and for summary judgment.

**I. Procedural history**

Plaintiff Cassel filed this adversary proceeding on August 28, 2006. On November 23, 2006, the Court entered an Adversary Proceeding Scheduling Order (Docket # 9), which incorporated the parties' Rule 26(f) report (Docket # 8) stating that discovery was to be completed by December 30, 2006, and that potentially dispositive motions must be filed by January 20, 2007. On January 5, 2007, Defendant Turvey filed a motion to dismiss and for summary judgment (Docket # 49). Cassel filed a response to the motion on January 19, 2007 (Docket # 51), and Turvey filed a reply on February 12, 2007 (Docket # 57). On March 7, 2007, the Court held a hearing on the motion.

On May 3, 2007, Cassel filed a document entitled "Plaintiff's Supplemental Response In Opposition To Defendant's Motion To Dismiss And For Summary Judgment" (Docket # 80), which requested that the Court review and consider the attached Affidavit of Owen P. Linford. On May 22, 2007, Cassel filed a document entitled "Plaintiff's Second Supplemental Response In Opposition To Defendant's Motion To Dismiss And For Summary Judgment" (Docket # 83), which requested that the Court review and consider the attached Affidavit of Robert Sutton.

On June 6, 2007, Turvey filed a motion to strike both the supplemental responses and the affidavits, arguing: (1) that Cassel has ignored applicable rules of procedure in filing the supplemental responses and the affidavits; (2) that "even if Cassel could clear the procedural hurdles, he hasn't demonstrated that failing to timely produce the new affidavits resulted from excusable neglect"; (3) that Cassel has offered no "justifiable basis for submitting late

2

06-05044-tjt    Doc 110    Filed 10/09/07    Entered 10/09/07 08:41:36    Page 2 of 9

affidavits"; and (4) that "[t]o consider the late affidavits now is prejudicial" to him. (Reply Br. In Supp. Of Def.'s Mot. To Strike at 2-3.)

**II. Discussion**

The Court agrees with Turvey. Fed. R. Civ. P. 56(c), incorporated into adversary proceedings by Fed. R. Bankr. P. 7056, permits a party opposing a motion for summary judgment to serve opposing affidavits "prior to the day of the hearing" on the motion. Plaintiff filed the affidavits nearly two months *after* the hearing, and thus the affidavits were untimely filed under this rule.

"[W]hen an act is required or allowed to be done at or within a specified period by [the Federal Rules of Bankruptcy Procedure] . . . or by order of court," Fed. R. Bankr. P. 9006(b)(1)[1] permits the Court to enlarge the specified period for the act to be done "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Cassel did not file a motion to enlarge the time to file affidavits opposing Defendant's motion for summary judgment. And Cassel has not demonstrated that his failure to timely file these two opposing affidavits was the result of "excusable neglect."

In order to show that relief is appropriate under Rule 9006(b)(1) based on "excusable neglect," Cassel must show both (1) that his failure to timely file the affidavits at issue constituted "neglect" within the meaning of Rule 9006(b)(1); and (2) that his "neglect" was excusable. The Court assumes, without deciding, for purposes of this motion, that Cassel's

---

[1] The parties cite to and apply the standard in Fed. R. Civ. P. 6(b) regarding Plaintiff seeking additional time for filing affidavits. That rule does not apply to bankruptcy proceedings. Fed. R. Bankr. P. 9006(b) governs the enlargement of time in bankruptcy proceedings. But the two rules are very similar.

3

conduct in failing to timely file the affidavits opposing Turvey's motion for summary judgment, was "neglect." Cassel still must show that the "neglect" was excusable.

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993), the Supreme Court explained that a determination of

> whether a party's neglect of a deadline is excusable . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission . . . [including] the danger of prejudice to the [party opposing relief], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

In determining whether Cassel's failure to timely file the affidavits at issue was "excusable," the Court must focus not only on whether Cassel's failure was excusable, but also on whether the failure or neglect of his attorney, if any, was excusable. The Supreme Court made this clear in *Pioneer*, concluding that "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable." *Id.* at 396-97 (italics in original.) Applying the factors in *Pioneer*, the Court concludes that Cassel's failure to timely file the affidavits at issue was not "excusable."

First, for this Court to consider the untimely affidavits would be prejudicial to Turvey. Discovery has long been closed, and Turvey has not had the opportunity to depose the two witnesses of the affidavits at issue, to test their allegations, or to file a response to their allegations. In order to lessen this prejudice, the Court probably would have to reopen discovery and briefing, and possibly conduct yet another hearing on Turvey's summary judgment motion. This would cause added expense to Turvey. This would also cause further delay in the Court's ruling on Turvey's motion for summary judgment and the ultimate resolution of this case. This

4

*Pioneer* factor of "prejudice" weighs against finding that any neglect was excusable.

Second, the length of Cassel's delay in filing the Linford and Sutton affidavits is significant. The affidavits were filed almost four months after Turvey filed his summary judgment motion, and almost two months after the Court held a hearing on the summary judgment motion. The impact of the late filing of these affidavits on this adversary proceeding is also significant. This is true even though the Court's decision on Turvey's summary judgment motion had to be delayed for a time anyway, until the Court made its recent decision on an abandonment issue in the related case of Renaissance Stone Works, L.L.C. (Case No. 06-49090), which had direct bearing on this case. *See In re Renaissance Stone Works, L.L.C.*, 2007 WL 2428658 (Bankr. E.D.Mich., August 28, 2007). If the Court considers the untimely affidavits, however, further expense and delay will result, as explained above. This *Pioneer* factor weighs against finding that any neglect was excusable.

Third, Cassel has given no good reason for the delay in filing the affidavits, and the timing of the filing of these affidavits was entirely within the control of Cassel and his attorney. Cassel's only explanation for his late filing of the affidavits is that "[t]he false and misleading testimony provided by Turvey and his wife prevented Cassel from discovering the true facts." (Pl.'s Answer in Opp'n to Def.'s Mot. To Strike at 5, 8.) Cassel alleges that the untimeliness "was excusable given the apparent *misdirection*, which was caused by the conduct of Turvey." *Id.* at 8 (emphasis added). These vague assertions do not amount to an adequate explanation.

The first problem with Cassel's explanation is that Cassel does not specify *how* the allegedly false deposition testimony by Turvey or his wife caused Cassel not to investigate and find witnesses Linford and Sutton in time to meet the deadline for filing their affidavits. This

5

allegation is just a vague conclusion without any factual support.

A second problem with Cassel's explanation is that any actual, detrimental reliance by Cassel on the testimony of Turvey and his wife is not plausible, especially given the course of discovery Cassel pursued. Cassel took Turvey's deposition on August 8, 2006 in the main bankruptcy case (Case No. 06-46793) under Fed. R. Bankr. P. 2004. Cassel then filed this adversary proceeding against Turvey twenty days later, on August 28, 2006. Cassel's complaint contained allegations impugning Turvey's honesty. Cassel and his attorney obviously believed from the very beginning of this case that Turvey is dishonest, so it is neither likely nor reasonable that they relied on the *honesty* of Turvey's testimony in searching out witnesses. And it clearly appears, from the discovery that followed Cassel's filing of this case, that Cassel did not so rely on the testimony of Turvey. After Cassel filed the complaint, and before he deposed Turvey's wife, Cassel served eighteen subpoenas on non-party witnesses, seeking documents to support his allegations.

The same things can be said regarding Cassel's alleged reliance on the testimony of Turvey's wife. Turvey's wife was deposed on November 30, 2006. After that deposition, Cassel served four more subpoenas on non-party witnesses.

In sum, Cassel presents no facts that show that the Turveys in any way prevented Cassel from timely conducting and completing his investigation, and from timely filing summary judgment affidavits.

Because the timing of filing the affidavits was entirely within Cassel's control, and Cassel has not provided any good or plausible reason for his untimely filing of the affidavits, these *Pioneer* factors weigh heavily against finding that any neglect was excusable.

6

06-05044-tjt    Doc 110    Filed 10/09/07    Entered 10/09/07 08:41:36    Page 6 of 9

As to the final *Pioneer* factor, the Court will assume that Cassel acted in good faith. This factor therefore is neutral, or weighs in favor of finding his neglect excusable.

On balance, considering all the relevant circumstances relating to the filing of the late affidavits, and considering that the "excusable" element of the "excusable neglect" standard is meant to "deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1)," *Pioneer*, 507 U.S. at 395, the Court concludes that Cassel has not shown that the neglect on his part was excusable.

Relying on *Hooks v. Hooks*, 771 F.2d 935, 946 (6th Cir. 1985), Cassel argues that the Court "has discretion to consider an untimely filed affidavit if it serves to raise a genuine issue of material fact and there is a plausible reason for the delay[.]" (Pl.'s Answer in Opp'n to Def.'s Mot. To Strike at 5-6.) In *Hooks*, the Sixth Circuit held that "it is within the discretion of the district courts whether to consider affidavits submitted in an untimely fashion[.]" 771 F.2d at 946. The Court notes that under the wording of Rule 9006(b)(1), before the Court has discretion to enlarge time for an act to be done after the expiration of a deadline, the Court first must make the threshold determination that the failure to comply with the deadline was the result of "excusable neglect." Because Cassel has failed to make that threshold showing, Rule 9006(b)(1) does not give the Court discretion to enlarge the time for Cassel to file the affidavits.

However, even assuming that the Court had discretion to consider the untimely filed affidavits at issue, *Hooks* would not persuade the Court to do so. In *Hooks*, the Sixth Circuit held that the district court did not abuse its discretion in considering the plaintiff's untimely filed affidavits, in part, because the plaintiff had provided the court with a plausible explanation for the untimeliness. The defendants in *Hooks* had filed their summary judgment motion some

7

twenty-two days before filing their supporting affidavits. The *Hooks* court noted that "[u]ntil the supporting affidavits were filed, plaintiff would not know what facts she needed to controvert." *Hooks*, 771 F.2d at 946. The plaintiff filed her opposing affidavit only ten days after the defendants filed their supporting affidavits.

This case is readily distinguishable from *Hooks*. First, Turvey filed his supporting affidavit on the same date as his motion for summary judgment, and therefore, Cassel knew what facts he had to controvert at that time. Second, as discussed above, Cassel has failed to provide the Court with a plausible explanation of why he could not locate the witnesses whose affidavits were untimely filed, in time to file their affidavits *before* the summary judgment hearing. In fact, Cassel has provided no facts whatsoever about how and when he discovered these witnesses.

Another key distinction between this case and *Hooks* is the length of the delay in filing the opposing affidavits. Here, Cassel filed the Linford and the Sutton affidavits opposing Turvey's summary judgment motion almost four months after Turvey filed the motion and his supporting affidavit, and almost two months after the hearing on the motion. By contrast, the plaintiff in *Hooks* filed her affidavit opposing the defendants' motion only ten days after the defendants filed their supporting affidavit. The delay here was significant when compared to the relatively short delay in *Hooks*. For these reasons, the *Hooks* decision would not persuade the Court to exercise its discretion in favor of considering Cassel's untimely responses and affidavits, even if the Court had discretion to do so.

### III. Conclusion

For the reasons discussed above, the Court will grant Turvey's motion to strike, and will not consider the Plaintiff's supplemental responses or the attached affidavits in ruling on

8

Defendant's motion to dismiss and for summary judgment. The Court will enter a separate order.

**NOT FOR PUBLICATION**

**Signed on October 9, 2007**              /s/ Thomas J. Tucker
                                           **Thomas J. Tucker**
                                           **United States Bankruptcy Judge**

9

06-05044-tjt    Doc 110    Filed 10/09/07    Entered 10/09/07 08:41:36    Page 9 of 9